In re William G. DADE, Ann E. Dade, Debtors.

Deborah R. Johnson, Plaintiff,

v.

William G. Dade, p/d/b/a Dade & Bailey, Attorney, a/k/a W.G. Dade, Defendant.

Bankruptcy No. 00–32487.
Adversary No. 00–3106.

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Aug. 14, 2001.

William G. Dade, Fredericksburg, VA, pro se.

Ann E. Dade, Fredericksburg, VA, pro se.

Bruce E. Robinson, South Hill, VA, trustee.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Chief Judge.

This matter is before the court on plaintiff's complaint to determine dischargeability of debt pursuant to 11 U.S.C. § 523(a)(6). The parties agreed to have the matter decided on the briefs alone. For the reasons stated herein, the court will dismiss plaintiff's complaint.

### Procedural History and Positions of the Parties.

I. *Procedural History.*

Debtor filed for bankruptcy under chapter 7 on April 26, 2000, and received a discharge on August 5, 2000.

On July 19, 2000, plaintiff filed a timely complaint to determine dischargeability of debt pursuant to 11 U.S.C. § 523(a)(6). Plaintiff alleges that a state court judgment she received against defendant for negligent legal representation is nondischargeable as a willful and malicious injury. Plaintiff further asserts that defendant is collaterally estopped from discharging her jury award.

On August 17, 2000, defendant filed an answer denying that he committed any willful and malicious injury to plaintiff and alleging that the judgment is dischargeable.

At the pre-trial conference held September 6, 2000, counsel for plaintiff stated that he would order the state court trial transcript for the court to review. Rather than set the matter for trial, the parties agreed to have the matter decided on the briefs and state court transcript.

On September 11, 2000, the court entered a briefing schedule allowing defendant thirty days from the date plaintiff submits her brief to file a reply brief.

Plaintiff filed her brief on November 21, 2000. Defendant filed his reply on January 22, 2001, which was outside of the thirty day period contemplated by the court's briefing schedule.

On February 12, 2001, plaintiff filed a motion for summary judgment. Counsel for plaintiff argued that plaintiff was entitled to summary judgment because defendant filed his brief after the deadline established in the briefing schedule.

Defendant filed an answer in opposition to plaintiff's motion for summary judgment on March 5, 2001. Defendant admits filing his brief more than thirty days after plaintiff submitted her brief. However, defendant states that he submitted his brief within thirty days of receiving plaintiff's brief. Furthermore, defendant argues that plaintiff is not entitled to summary judgment because she failed to prove that there is no genuine issue of material fact.

Hearing was held on plaintiff's motion for summary judgment on March 7, 2001. Defendant did not appear. At the hearing, counsel for plaintiff introduced UPS ship-

ping documents and tracking information that show defendant signed for the documents on November 21, 2000, more than thirty days prior to filing his reply brief.

On April 11, 2001, an order was entered denying plaintiff's motion for summary judgment.

Meanwhile, on March 26, 2001, defendant filed his own motion for summary judgment. Defendant argues that the material facts fail to show that he performed any action or omission that constitutes a willful and malicious injury as defined by the U.S. Supreme Court in *Kawaauhau v. Geiger,* 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998).

Plaintiff filed a motion in opposition on April 4, 2001. Plaintiff argues that defendant is collaterally estopped from relitigating the matter because one of the issues actually litigated in state court was whether defendant acted with actual malice or circumstances amounting to willful and wanton disregard of plaintiff's rights. Plaintiff further asserts that even if collateral estoppel does not apply plaintiff should prevail on the merits of the case because the facts in the state court proceeding show that defendant's acts constitute a willful and malicious injury.

Defendant failed to request a hearing on his motion for summary judgment, and it has languished in the file for over four months.

## II.  *Plaintiff's Position.*

Essentially, plaintiff asserts two arguments in favor of holding the state court judgment nondischargeable. First, the state court jury instruction stated that one of the elements the jury must find in order to award punitive damages was whether defendant acted "with actual malice towards the plaintiff, or acted under circumstances amounting to willful and wanton

disregard of the plaintiff's rights." Trial Transcript at 164.

In the alternative, plaintiff argues that the facts presented at trial prove that defendant's actions caused a willful and malicious injury to plaintiff. Plaintiff states that defendant intended to prevent plaintiff from learning that her state court action was void. Specifically, on October 17, 1996, defendant sent a letter to plaintiff's physical therapy provider asking it to forbear collection efforts until plaintiff's case was resolved. However, by that time defendant had failed to file a second motion for judgment within the six month statute of limitations for nonsuits and, therefore, plaintiff's case was barred by the statute of limitations.

## III.  *Defendant's Position.*

Defendant alleges that the compensatory damage award was based on negligent conduct and, therefore, falls outside the scope of 11 U.S.C. § 523(a)(6) and should be discharged.

Defendant further alleges that the punitive damage award was based on a willful and wanton disregard of plaintiff's rights, not a willful and malicious injury. He states that his acts may have been negligent or reckless, but they were not done deliberately or intentionally to keep plaintiff from learning that she had a legal malpractice claim against him.

### *Findings of Fact.*

In August 1992, plaintiff slipped and fell at a home for the elderly in Louisa, Virginia. She injured her head, back and hip and had tingling in her fingers and ribs. She also experienced pain in her shoulder blade and lower back. She could not sit for extended periods of time without pain.

Plaintiff underwent various physical therapy treatments to help alleviate the

pain. She incurred over $6,500.00 in medical bills due to her injuries.

Plaintiff contacted defendant to represent her in a personal injury suit against the company that owned the facility where she fell. On August 11, 1994, defendant filed a motion for judgment on plaintiff's behalf in the Louisa County Circuit Court.[1] The motion was not served on the owner of the home, and the case was nonsuited by order dated February 22, 1996.[2]

In October 1996, plaintiff contacted defendant when her physical therapy provider informed her that it was going to take collection actions against her. In response, on October 17, 1996, defendant wrote a letter to the physical therapy provider asking that collection cease pending settlement of plaintiff's case.[3]

On October 31, 1996, defendant filed a second motion for judgment on plaintiff's behalf in Louisa County Circuit Court. This fell outside the original statute of limitations period, and was more than six months after defendant nonsuited the first case. Therefore, under Virginia law the suit was barred by the statute of limitations. Also, defendant never served the second motion for judgment on the owner of the home.

On December 9, 1997, plaintiff missed a previously scheduled appointment with defendant. That appointment was rescheduled for January 9, 1998, and plaintiff missed that appointment also. Sometime thereafter, plaintiff went to defendant's office and retrieved her file. Plaintiff obtained new counsel and later filed suit against defendant for legal malpractice in Louisa County.

On June 23, 1999, a trial was held in Louisa County Circuit Court on plaintiff's malpractice suit against defendant. At trial, an expert witness in the area of personal injury law and Virginia procedure testified on plaintiff's behalf. His testimony established the following:

First, once a motion for judgment is filed in state court, the standard of care in Virginia requires that the defendants be served as soon as possible. Second, judgment can not be entered against a defendant who was served with process more than one year after the motion for judgment was filed. *See* RULE 3:3, RULES OF VA. SUP. CT., VA. CODE ANN. (Repl.Vol.2000). Third, defendant did not timely serve plaintiff's motion for judgment. Rather, he nonsuited plaintiff's case. Fourth, once the order granting the nonsuit was entered, defendant had six months in which to refile the motion for judgment. *See* VA. CODE ANN. § 8.01–229(E)(3). Fifth, defendant failed to timely file the motion for judgment, and he breached the standard of care.[4] Finally, as a result of defendant's negligence, plaintiff's personal injury claim was barred by the statute of limitations, and she was not able to recover her medical expenses.

The jury returned a verdict in favor of plaintiff and against defendant. Plaintiff was awarded $6,537.97 in compensatory

---

1. The motion for judgment was timely filed within the two year statute of limitation.

2. A judgment can not be entered against a defendant who was served with process more than one year after the motion for judgment was filed. *See* RULE 3:3, RULES OF VA. SUP. CT., VA. CODE ANN. (Repl.Vol.2000). Moreover, plaintiff has six months from the date of the nonsuit order, or the time remaining on the original statute of limitations period, whichever is longer, in which to refile a motion for judgment. *See* VA. CODE ANN. § 8.01–229(E)(3).

3. The letter is incorrectly dated 1997.

4. Defendant also failed to serve the second motion for judgment.

damages and $30,000.00 in punitive damages. The verdict was not appealed.

### Discussion and Conclusions of Law.

A. *Section 523(a)(6)—Exception to Discharge for Willful and Malicious Injury.*

Section 523(a)(6) excepts from discharge a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6) (2001). In *Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998), the U.S. Supreme Court held that "[t]he word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Geiger*, 523 U.S. at 61, 118 S.Ct. 974. Therefore, under § 523(a)(6), an injury must be willful and malicious.

Prior to *Geiger*, in the context of § 523(a)(6), the Fourth Circuit stated that willful means "deliberate or intentional." *First Nat'l Bank v. Stanley (In re Stanley)*, 66 F.3d 664, 667 (4th Cir.1995) (*quoting St. Paul Fire & Marine Ins. Co. v. Vaughn*, 779 F.2d 1003, 1009 (4th Cir.1985) (internal citations omitted)).

*Geiger*, however, did not address whether a deliberate and intentional act that necessarily leads to injury is sufficient to except a debt from discharge under § 523(a)(6). Since *Geiger*, a majority of courts have held that under § 523(a)(6) the test for willfulness is met by an intentional act that is substantially certain to result in injury. This court agrees with the majority and has previously held that an intentional act that is "substantially certain to result in injury" suffices under § 523(a)(6). *Johnson v. Davis (In re Davis)*, 262 B.R. 663, 670 (2001) (quoting *Miller v. J.D. Abrams, Inc. (In re Miller)*, 156 F.3d 598, 603 (5th Cir.1998)).

■ In sum, for a debt to be excepted pursuant to § 523(a)(6), plaintiff must prove that debtor caused a deliberate or intentional and malicious injury, or that debtor committed a deliberate or intentional act that was substantially certain to result in a deliberate or intentional and malicious injury. These issues must be resolved under federal law.

B. *Compensatory Damage Award.*

■ In plaintiff's state court legal malpractice suit against defendant, the trial judge instructed the jury as follows:

> The plaintiff has the burden of proving by the greater weight of the evidence *that the defendant was negligent* and that the defendant's *negligence* proximately caused the injuries to the plaintiff.
>
> An attorney had a duty to use reasonable care, skill and diligence in handling a matter entrusted to him by a client. *If an attorney fails to perform this duty, then he is negligent.*

Trial Transcript at 160 (emphasis added).

Plaintiff's compensatory damage award of $6,537.97 was thus based on a finding that defendant acted negligently, which does not meet the definition of § 523(a)(6). Accordingly, there is no basis to except the compensatory damage award from defendant's discharge.

C. *Punitive Damage Award.*

■ The trial judge also instructed the jury as follows:

> If you believe that the plaintiff is entitled to be compensated for her damages and if you further believe by the greater weight of the evidence *that the defendant acted with actual malice towards the plaintiff, or acted under circumstances amounting to willful and wan-*

*ton disregard of the plaintiff's rights,* then you may also award punitive damages to the plaintiff to punish the defendant for his actions and to serve as an example to prevent others from acting in a similar way. If you award punitive damages, you must state separately in your verdict the amount you allow as compensatory damages and the amount you allow as punitive damages.

Trial Transcript at 164 (emphasis added).

The punitive damage award of $30,000.00 was thus based on a finding that defendant acted "under circumstances amounting to willful and wanton disregard of the plaintiff's rights." *Id.* As stated above, willful and malicious injury is a federal issue. The court holds that the punitive damage instruction does not equate to a finding by the jury that defendant caused a deliberate or intentional injury to plaintiff as required by *Geiger.* Furthermore, the jury instruction did not necessarily require a finding that defendant committed an intentional tort that was substantially certain to result in an injury.

 In the alternative, plaintiff asserts that she proved at trial that defendant intentionally concealed information from her and that it resulted in a willful and malicious injury. The court disagrees. It is not clear from the record that defendant committed any deliberate or intentional act or that he intentionally or deliberately injured plaintiff. Defendant's actions were negligent, and while the punitive damage award should serve as an example to prevent others from acting negligently, it does not meet the federal test of willfulness under § 523(a)(6).[5]

In summary, the court finds that defendant's tort of legal malpractice was

based on a finding of negligence and does not rise to the level of an intentional act that is substantially certain to result in injury. However, even if it could be argued that defendant's actions fit within the general language of this evolving standard of willfulness, the Supreme Court's ruling in *Geiger* makes clear that even the grossest of negligence does not meet the willfulness test for nondischargeability of debt under § 523(a)(6). *See Geiger,* 523 U.S. at 64, 118 S.Ct. 974. Defendant's subsequent act of possibly misleading plaintiff as to his negligence does not supply the missing element of plaintiff's case.

A separate order will be entered.

---

**5.** Because the court finds that defendant did not commit a willful act under § 523(a)(6), it

is unnecessary to consider whether his actions were malicious.